## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LISA A. ARDINO, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

NELSON, WATSON & ASSOCIATES, LLC, and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

### CIVIL ACTION

### CLASS ACTION COMPLAINT
### AND
### DEMAND FOR JURY TRIAL

Plaintiff, LISA A. ARDINO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, NELSON, WATSON & ASSOCIATES, LLC, (hereinafter "NWA") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

- 1 -

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      NWA is a foreign limited liability company with its office located at 80 Merrimack Street Lower Level, Haverhill, MA 01830.

8.      Upon information and belief, NWA is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

9.      NWA has attempted to collect a debt allegedly owed by Plaintiff to LVNV Funding, LLC.

10.     NWA regularly used the United States Postage Service in its attempts to collect debts due to others.

11.     NWA is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

12.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

14.    This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

15.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

     a.      Whether the defendants violated various provisions of the FDCPA including but not limited to:   Section § 1692g et seq.

     b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

     c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

     d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. On or before December 23, 2010, Plaintiff's account with HSBC BANK NEVADA NATIONAL became past due.

17. Plaintiff's account with HSBC BANK NEVADA NATIONAL was used solely for personal use.

18. On or before December 23, 2010, LVNV Funding, LLC purchased Plaintiff past due account with HSBC BANK NEVADA NATIONAL.

19. On or before December 23, 2010, LVNV Funding, LLC, placed Plaintiff's account with NWA for the purpose of collection.

20. On or before December 23, 2010, NWA caused to be mailed to Plaintiff a letter attempting to collect the alleged debt. A copy of said letter is annexed hereto as Exhibit A.

21. Said letter requested payment in full.

22. Said letter stated in part, "Please call Monday or Wednesday 8:30am to 9pm EST, Tuesday, Thursday or Friday 8:30am to 5pm EST, or Saturday 9am to 1pm EST."

23.     Upon receipt Plaintiff read said letter.

24.     On February 17, 2011, Plaintiff through her undersigned attorneys, notified NWA (via facsimile, certified mail and first class mail) that she disputed the alleged debt, demanded verification, a full accounting, and instructed NWA to immediately cease and desist of collection efforts and communications with Plaintiff.  A copy of said notice is annexed hereto as <u>Exhibit B</u>.

25.     NWA received said facsimile on February 17, 2011.

26.     NWA received said certified mail on February 22, 2011.

27.     NWA did not provide the requested verification of the alleged debt.

28.     On or before February 26, 2011, LVNV Funding, LLC recalled Plaintiff's account from NWA.

29.     On or before February 26, 2011, NWA informed LVNV Funding, LLC that Plaintiff disputed the alleged debt.

30.     A dispute of a debt, to be effective, in the Third Circuit, must be in writing. <u>Graziano v. Harrison</u>, 950 F.2d 107, 112 (3d Cir. 1991).

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### <u>VIOLATION OF 15 U.S.C. § 1692g(a)(5)</u>

31.     Plaintiff repeats the allegations contained in paragraphs 1 through 32 as if the same were here set forth at length.

32.     Collection letters and/or notices such as those sent by Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

33.     Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

34.     Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

35.     NWA's letter to Plaintiff, dated December 23, 2010 contained the required validation notice in the third paragraph.

36.     The fourth paragraph on NWA's to Plaintiff, dated December 23, 2010, states in its entirety, "Please call Monday or Wednesday 8:30am to 9pm EST, Tuesday, Thursday or Friday 8:30am to 5pm EST, or Saturday 9am to 1pm EST."

37.     The least sophisticated consumer upon reading the notice from NWA, will be confused as to method required to effectively dispute the alleged debt.

38.     Upon reading paragraph four of the notice from NWA, the least sophisticated consumer would believe that she should follow the instructions as set forth in paragraph four of

the notice and call NWA on Monday or Wednesday 8:30am to 9pm EST, Tuesday, Thursday or Friday 8:30am to 5pm EST, or Saturday 9am to 1pm EST, to effectively dispute the alleged debt.

39.     NWA violated Section 1692g et seq. of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what she must do to effectively dispute the alleged debt.

40.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT II

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
## VIOLATION OF 15 U.S.C. § 1692e(10)

41.     Plaintiff repeats the allegations contained in paragraphs 1 through 40 as if the same were here set forth at length.

42.     Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

43.     Defendants violated Section 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer that she can call Monday or Wednesday 8:30am to 9pm EST, Tuesday, Thursday or Friday 8:30am to 5pm EST, or Saturday 9am to 1pm EST, to effectively dispute the alleged debt, when in fact she must dispute the alleged debt in writing for the dispute to be effective.

44.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)    Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)    Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)    Awarding Plaintiff and the Class statutory damages;

(e)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and costs; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
        March 16, 2011

*s/ Joseph K. Jones*_____
Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*_____
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 16, 2011

*s/ Joseph K. Jones*_____
Joseph K. Jones, Esq.